UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORRETTO LLC,<br><br>                              Plaintiff,<br><br>-against-<br><br>ERIE INSURANCE COMPANY,<br><br>                            Defendant. | 1:24-cv-02674 (ALC)<br><br>**OPINION & ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Corretto LLC brings this action for breach of contract and breach of the implied covenant of good faith and fair dealing. Defendant Erie Insurance Company moves to dismiss the latter claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion is **GRANTED**.

## BACKGROUND

### I. Factual History

Plaintiff is a limited liability company corporation that owned and operated a café in the Greenwich Village area of New York City, New York. ECF No. 1-1 ¶ 5. Defendant is a Pennsylvania insurance company that provides services in the state of New York. *See id*. ¶¶ 6–7.

On December 2, 2022, Plaintiff commenced an insurance policy with Defendant, which was set to expire on December 2, 2023. *See id*. ¶ 11. The policy included "Income Protection" coverage for any "loss of income and/or rental income Corretto sustain[ed] due to partial or total interruption of business resulting directly from loss or damage to property on the premises." *See id*. ¶¶ 12–13 (internal quotation marks omitted). Plaintiff also purchased extended coverage for

any loss, "damage, or expense caused by a failure or disruption of utility service to" Plaintiff's property. *See id*. ¶ 14.

On or around August 10, 2023, New York City officials performed a standard yearly inspection of Plaintiff's premises and discovered a gas leak that required significant repair. *See id*. ¶ 15. That same day, gas service was cut off to the property in order to conduct repairs. *See id*. ¶ 16. With no gas, Plaintiff could not operate its kitchen or prepare its menu and had to halt business operations. *See id*. ¶ 17.

On August 10, 2023, Plaintiff submitted an insurance claim to Defendant. *See id*. ¶ 18. On August 14, 2023, Defendant took a narrative regarding Plaintiff's involuntary closure. *See id*. ¶ 19. On or around August 21, 2023, Defendant sent an engineer to review the property and prepare a report about the cause of the gas leak, which Plaintiff allegedly never received. *See id*. ¶ 20. On September 14, 2023, Defendant allegedly told Plaintiff that it was "trying to determine coverage." *See id*. ¶ 21. Afterwards Defendant made multiple duplicative demands for information, "all of which were timely answered." *See id*.

As of March 10, 2024, Defendant had yet to render payment on Plaintiff's claim. *See id*. ¶ 22. Plaintiff alleges that it provided Defendant with all the relevant information for its investigation. *See id*. ¶ 31. Instead of processing the information and rendering a decision on the claim or asking for reasonable clarification, Defendant endlessly asked questions, often for information Plaintiff had previously provided. *See id*. Plaintiff alleges Defendant did so to avoid payment. *See id*. ¶ 21.

Plaintiff contends that Defendant's actions resulted in the loss of its entire business and cost it no less than $2,000,000 in damages. *See id*. ¶ 33.

## II. Procedural History

On March 10, 2024, Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, asserting two causes of action against Defendant for breach of contract and breach of the implied covenant of good faith and fair dealing. ECF No. 1-1 at 1. On April 9, 2024, Defendant removed this case from state court to the United States District Court for the Southern District of New York. *See generally* ECF No. 1.

On December 6, 2024, Defendant filed a motion to dismiss Plaintiff's implied covenant claim pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 13-1. On December 27, 2024, Plaintiff filed its opposition. *See* ECF No. 14. On January 10, 2025, Defendant filed its reply. *See* ECF No. 15.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, courts accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation omitted).

## DISCUSSION

Defendant contends that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is duplicative of its breach of contract claim because both rest on the same factual allegations. *See* ECF No. 13-2 at 4. Defendant argues that because both claims deal with its obligation to pay on the policy, "[the] claim for breach of good faith and fair dealing is part of [Plaintiff's] general breach of contract claim, not a distinct cause of action." *Id*. at 4. Plaintiff asserts that the breach of contract and breach of the implied covenant claims rest on distinct allegations: as the former concerns the failure to pay the insurance claim and the latter pertains to Defendant's inadequate investigation of the insurance claim. *See* ECF No. 14 at 4. For the

4

reasons set forth below, the Court agrees with Defendant and finds the claim for breach of the implied covenant of good faith and fair dealing to be duplicative of the breach of contract claim.

## I. Whether the Claim Is Duplicative

"New York law 'does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim based upon the same facts, is also pled." *BAE v. L3Harris*, 716 F. Supp. 3d 206, 221 (S.D.N.Y. 2024).[1] Even where the separate causes of action appear to be based on distinct conduct—such as one alleging conduct intended to frustrate the purpose of the contract and another asserting a failure to perform contractual obligations—they may nevertheless be deemed duplicative if both "arise from the same factual allegations *and* seek identical damages for each alleged violation." *See Kitchen Winners NY Inc. v. Rock Fintek LLC*, 668 F. Supp. 3d 263, 288 (S.D.N.Y. 2023) (quoting *Deutsche Bank Nat'l Tr. Co. v. Quicken Loans Inc.*, 810 F.3d 861, 869 (2d Cir. 2015)) (internal quotation marks omitted and emphasis added).

Although Plaintiff contends that its two causes of action are based on distinct conduct, it fails to demonstrate that the claim for breach of the implied covenant arises from different factual allegations *and* seeks damages independent of those sought under the breach of contract claim.

   a. Same Factual Allegations

"As in all contracts, implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate

---

[1] Both parties neglected to engage in a choice-of-law analysis and briefed this issue under New York law. *See generally* ECF Nos. 13-2, 14. "[W]here the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry." *Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86, 93 (S.D.N.Y. 2002), *aff'd*, 352 F.3d 41 (2d Cir. 2003).

in good faith and pay covered claims." *Woodhams v. Allstate Fire*, 748 F. Supp. 2d 211, 223 (S.D.N.Y. 2010). A claim for breach of the implied covenant of good faith and fair dealing is therefore duplicative where "the crux of [the] plaintiff's allegations is 'dissatisfaction with [the] defendants' performance of the contractual allegations.'" *County of Orange v. Travelers Indem. Co.*, No. 13-CV-06790, 2014 WL 1998240, *3 (S.D.N.Y. 2014) (quoting *N.Y. Univ. v Cont'l Ins. Co.*, 662 N.E.2d 763, 769 (N.Y. 1995)). Ultimately, in cases where the "investigation addresses the same . . . grievance of failure to comply with the agreement," such facts are insufficient to support a separate cause of action for breach of the implied covenant. *Id.*[2]

Here, although Plaintiff asserts that its claims are based on distinct factual allegations, the crux of its allegations still relates to its dissatisfaction with Defendant's frivolous requests for information in effort to avoid payment under the insurance policy. Therefore, Plaintiff's factual allegations pertaining to the improper investigation address the same grievance of Defendant's failure to comply with the insurance policy and hence, the same factual allegations as the breach of contract claim. Plaintiff's second cause of action is therefore duplicative.

    b. <u>Identical Relief</u>

Under New York law, a claim for breach of the implied covenant of good faith and fair dealing—even if premised on distinct factual allegations—will nevertheless be dismissed as

---

[2] The Court notes that New York recognizes two exceptions to this rule for an insurer's extra-contractual bad faith: where "(1) [an] insurer denie[s] coverage as a result of 'gross negligence'; and (2) [an] insurer lack[s] even an 'arguable' basis for denying the coverage under the standards of a reasonable insurer." *Bartlett v. Nationwide Mut.*, No. 12-CV-435-A, 2013 WL 623497, *3 (S.D.N.Y. 2013); *see also Rockefeller Univ. v. Aetna Cas. & Sur. Co.*, 217 N.Y.S.3d 562 (1st Dep't 2024). Because Plaintiff does not argue either exception is applicable, the Court will not discuss them further. In any event, since Plaintiff seeks identical damages for breach of contract and the implied covenant, the implied covenant claim is duplicative. *See infra.*

duplicative if it seeks the same relief as a breach of contract claim. *See JN Contemporary Art LLC v. Phillips Auctioneers LLC*, 29 F.4th 118, 128 (2d Cir. 2022) ("The district court correctly dismissed this claim as duplicative. Even accepting JN's arguments that it set out a different factual basis for this claim than the factual basis set out in its breach of contract claim, the damages sought for both claims would be the same: compensation for the lost sale."). Thus, to avoid dismissal, a claim must allege a distinct injury and seek relief grounded in a legal duty independent of the breach of contract. *See Kitchen Winner*, 668 F. Supp. 3d at 288; *Rockefeller Univ.*, 217 N.Y.S.3d at 562.

Here, even if Plaintiff's claims were grounded in different factual bases, they would still be duplicative because they do not allege distinct injuries. The relief Plaintiff seeks for both claims is compensation for the loss of its business. *See* ECF No. 1-1 at 5–6. Plaintiff has not alleged any additional debt or expense incurred as a result of Defendant's alleged improper investigation, rendering the injury and relief sought for the breach of the implied covenant claim identical to that of the breach of contract claim.

## II. Whether the Claim May Be Pleaded in the Alternative

Pursuant to Rule 8(d)(2), "[a] party may set out [two] or more statements of a claim alternatively or hypothetically, either in a single count or defense or in separate ones." Fed. R. Civ. P. 8(d)(2). Under New York law, "a party may plead a claim for breach of the [implied] covenant of good faith and fair dealing in the alternative if the existence or meaning of a contract is in doubt." *Hard Rock Café Intl. (USA), Inc. v. Hard Rock Hotel Holdings, LLC*, 808 F. Supp. 2d 552, 567 (S.D.N.Y. 2011).

Here, Plaintiff argues the second cause of action should survive the motion to dismiss in the alternative to its breach of contract claim. *See* ECF No. 14 at 3–4. But pleading in the alternative is not appropriate because the existence or meaning of the policy is not in dispute. Defendant does not contest the existence or interpretation of the insurance policy; it only challenges its obligation to pay under the terms of the agreement. *See* ECF No. 15 at 5 ("[T]here is no dispute regarding interpretation of the Policy."). Therefore, Plaintiff may not plead its second cause of action in the alternative.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is **GRANTED**. The Clerk of Court is respectfully directed to terminate the pending motion at ECF No. 13. Defendant shall file its answer to the complaint within three weeks of the date of this Opinion.

**SO ORDERED.**

Dated: **September 18, 2025**
       **New York, New York**

**ANDREW L. CARTER, JR.**
**United States District Judge**